Palmer v. Albee.

REVERSED.

---

PALMER v. ALBEE.

1. Evidence: PATENT AMBIGUITY. Where, by the terms of a contract of subscription, a party undertook to give for the purpose of the subscription "twenty acres of land," it was *held* that the uncertainty of description, or ambiguity, could not be rendered certain or explained by parol. BECK, Ch. J., *dissenting*.

*Appeal from Floyd District Court.*

WEDNESDAY, APRIL 9.

THIS action is founded upon a written instrument, of which the following is a copy:

"CHARLES CITY, IOWA, June 18, 1872.

"We, the undersigned, do hereby agree to pay to Dr. William Palmer, chairman of the building committee of the First Baptist Church, of Charles City, Iowa, the sum set opposite our respective names, for the purpose of liquidating the debt on said church; and if the whole amount is not raised to pay

the debt before the day of dedication, said subscription to be void.

"[Signed], ORRIN ALBEE, 20 acres of land."

It is alleged that the whole amount necessary to pay the debt was raised by subscription before the day of the dedication of the church; that said land was reasonably worth fifteen dollars per acre, and defendant has failed and refused to convey the same to the plaintiff; that at the time of signing said subscription defendant verbally stated to plaintiff that the said land was situated near the farm of E. M. Clark, about three miles north of Charles City, Iowa. It is further averred that the land subscribed was twenty acres of the north-west quarter of the south-west quarter of section 19, township 96, range 15 west, in said Floyd county, and was at said time of the value of fifteen dollars per acre; and that defendant has sold and conveyed said land to other parties. Judgment is prayed for three hundred dollars and costs.

The defendant demurred to the petition upon the ground that "said subscription is so indefinite that an action of specific performance would not lie; and an action for damages resulting from a failure to convey will not lie to a description of that character in a subscription." The demurrer was sustained. Plaintiff appeals.

*Starr, Patterson & Harrison,* for appellant.

*J. S. Root,* for appellee.

ROTHROCK, J.—The sole question presented by the record and arguments is whether the ambiguity or uncertainty of

1. EVIDENCE: patent ambiguity.

description in the contract of subscription, which is made the foundation of the action, may, under the rules of evidence, be made certain or explained by parol.

Ambiguities are of two kinds. They are defined as follows:

"The first (*ambiguitas latens*) occurs where the deed or instrument is sufficiently certain and free from ambiguity, but

the ambiguity is produced by something extrinsic or some collateral matter out of the instrument; for example, if a man devise property to his cousin, A. B., and he has two cousins of that name, in such case parol evidence will be received to explain the ambiguity."

"The second or patent ambiguity occurs where a clause in a deed, will or other instrument is so defectively expressed that a court of law, which has to put a construction on the instrument, is unable to collect the intention of the party. In such case evidence of the declaration of the party cannot be admitted to explain his intention, and the clause will be void for uncertainty." 1 Bouvier's Law Dictionary (5th Ed.), 97.

In the light of these definitions there is no difficulty in determining that the ambiguity in the instrument upon which this suit is brought is *patent*. It appears at once upon reading the subscription, and arises not so much from imperfection of description as from an absence of description. It is true the terms of the subscription may possibly suggest that the subscriber was to select twenty acres of land, but as this is not the construction claimed by the plaintiff, who sues for the value of a certain twenty acres, which he seeks to show by parol evidence was the twenty acres intended, we are confined to the inquiry whether the description of the land can be thus shown.

With reference to the admissibility of parol evidence in such cases Sugden makes use of the following language: "But although a latent ambiguity may be aided by parol evidence, yet a patent ambiguity cannot be aided by extrinsic evidence, because that would be in effect to pass without deed what by the law can be passed by deed alone. Of this Bacon observes infinite cases might be put, for it holdeth generally that all ambiguity of words by the *matter within* the deed, and not out of the deed, shall be helped by construction, or in some cases by election, but never by averment; but rather

shall make the deed void for uncertainty." 1 Sugden on
Vendors, 175.

The same doctrine, quoting the same authority, is found
in 1 Greenleaf on Evidence, § 297. The same principle
applies in this case. If the description can be supplied by
parol evidence, why cannot any other material part of the
written instrument be supplied in the same way? And if
this can be done then the whole instrument can be set aside,
and parol evidence substituted therefor. It is true that de-
scriptions are sometimes explained by parol, but only in the
following cases: *First*, where the description is clear, but
more than one subject or more than one person answers to
the description; *second*, where the description is true in part,
but untrue as to the balance. Where the ambiguity, as in the
case at bar, arises upon the face of the instrument, it can only
be helped, if helped at all, by the rules of construction, and
"construction is the act of discovering the thoughts which
are expressed in words of writing, or it is the most probable
explanation of what appears obscure and ambiguous." 1
Bouvier's Institutes, § 658.

If the contract is in a language not understood by the
court it must be interpreted; or if some of the words have
various meanings or peculiar technical applications not known
to the court, then the circumstances under which the instru-
ment was made may be shown—not for the purpose of adding
to or changing the instrument, but for the purpose of deter-
mining in what sense the parties intended to use the words
actually used. "In other words and more generally, if the
court, placing itself in the situation in which the testator or
contracting party stood at the time of executing the instru-
ment, and with a full understanding of the force and import
of the words, cannot ascertain his meaning and intention from
the language of the instrument, then it is a case of incurable,
hopeless uncertainty, and the instrument is, therefore, so far
inoperative and void." 1 Greenleaf on Evidence, § 300.

It is to be observed, also, that while the circumstances in which a party was placed and the situation of both parties may be shown the language of the parties is excluded. 1 Greenleaf on Evidence, § 297. "If the land granted be so inaccurately described as to render its identity wholly uncertain, it is admitted that the grant is void." *Boardman v. The Lessees of Reed*, 6 Peters (U. S.), 328.

In view of a class of cases where courts have admitted parol evidence of extrinsic matters for the purpose of determining the intended sense of words of doubtful or equivocal meaning, it has been questioned whether it is proper to say that a patent ambiguity is never susceptible of explanation by parol. The case of a written contract assigning a party's interest in the *freight* of a ship is given as an example of this class; parol evidence of the circumstances of the transaction being admissible to ascertain whether the word "freight" referred to the goods on board, or an interest in the earnings of the ship. See 1 Phillipps on Evidence, 1858, note 988, by Cowen & Hill. As to whether such cases may or may not, under the above definition of the two classes of ambiguities, be fairly considered cases of latent ambiguity, it is unnecessary to determine, as the case at bar is not one of that character.

From the authorities we have been able to examine three rules may be taken to be correct: *First*. Where the instrument itself seems to be clear and certain on its face, and the ambiguity arises from some extrinsic or collateral matter, the ambiguity may be helped by parol evidence. *Second*. Where the ambiguity consists in the use of equivocal words designating the person or subject-matter, parol evidence of collateral or extrinsic matters may be introduced for the purpose of aiding the court in arriving at the meaning of the language used. *Third*. Where the ambiguity is such that a perusal of the instrument shows plainly that something more must be added before the reader can determine what of several things is

meant, the rule is inflexible that parol evidence cannot be, admitted to supply the deficiency. About this last-named class of cases there cannot, under the authorities, be any question. They belong to the *ambiguitas patens* of Lord Bacon.

In the case at bar the ambiguity is patent, and no interpretation or explanation of the words actually used could possibly help the ambiguity, or make the description complete or certain. Something must be added, before a description exists on the face of the instrument, and in the light of the foregoing discussion the omission cannot be supplied by parol evidence.

The ruling of the District Court on the demurrer must, therefore, be                                  .

AFFIRMED.

BECK, CH. J., *dissenting.*—I. It will be observed that the action in this case is brought upon the contract executed by defendant, which obligates him to contribute twenty acres of land toward the liquidation of the debt of the church. The conditions of the contract to be performed by the church have been fulfilled. The consideration upon which defendant's promise is based has passed from the plaintiff. There is no question raised by the demurrer upon these points. The case as presented by the pleadings is this: The defendant, for a sufficient consideration, which has passed, promised to contribute (*pay*) to plaintiff "twenty acres of land," without a more particular description of the property. The demurrer sets up the defense that the contract is so indefinite that the law will not enforce it. The indefiniteness pertains to the description of the land, or, rather, the want of description. The point decided in the foregoing opinion of the majority is that for this indefiniteness the contract will not be enforced.

In my opinion parol evidence is always admissible to apply a written contract to its subject. If the language of the contract does not with sufficient explicitness describe the subject it may be identified by parol evidence.

Suppose A., in consideration of three hundred dollars paid

him, agrees to deliver (*pay*) to B. twenty head of cattle, will it be seriously claimed that B. cannot maintain an action on the contract because of the indefiniteness or want of description of the cattle? Surely not. The law will permit him by parol evidence to apply A.'s promise to the subject contemplated. The contract is regarded as partly in writing and partly in parol, and oral evidence, from the necessity of the case, is admissible to establish that part of the agreement which rests in parol.

These rules are familiar, and of constant application. The case supposed is the precise case before us. Neither law nor chancery will send a party away without affording him a remedy upon a contract of this kind. Each will ascertain the true intention of the parties by evidence which will apply the contract to its subject.

No question arises in this case in regard to notice to other parties. If the instrument is required by law to impart notice to third persons, the description of the subject should be sufficient to direct the mind to evidence whereby the subject could be identified. *Smith & Co. v. McLean*, 24 Iowa, 322. But no question of notice arises in this case.

II. In my opinion the doctrine of ambiguities has no application to this case. There is no ambiguity in the instrument as to its terms; the obligations of the parties are clearly expressed. The subject-matter of the contract to which the obligation of defendant is to be applied is not specifically described. This is not the ambiguity to which the rules of evidence announced in the opinion of my brothers apply, and forbid the introduction of oral evidence to discover the true intention of the parties.

I can better express the doctrine of the law, which I insist is applicable to this case, by using the language of a learned writer, than by words of my own. Mr. Chitty says: "Where the terms of the written instrument are clear, and oral evidence is used to point the *application* to this or that *subject-*

*matter*, the oral evidence does not usurp the authority of the written instrument. It is the instrument which operates. The oral evidence does no more than assist its operation by pointing out and connecting it with the proper subject-matter. It acts in aid and assistance of the written instrument, and performs that duty which, on every application of a written instrument, must be accomplished by means of extrinsic evidence; that is, it points out the precise object to which the instrument is applicable." Chitty's Contracts, 104.

The views I have expressed are, I think, in accord with the authorities which are extensively referred to and discussed in 2 Cowen & Hill, and Edwards' Notes on Phillipps on Evidence, 751, *et seq.*, and 761, *et seq.*

In my opinion the judgment of the District Court sustaining defendant's demurrer to plaintiff's petition is erroneous, and ought to be

REVERSED.