Syllabus.

WILLIAM R. HAMILTON

v.

IRA R. HARVEY.

*Filed at Ottawa September 26, 1887.*

1. SPECIFIC PERFORMANCE—*generally.* Courts of equity will decree a specific performance when the contract is in writing, and is certain, and is fair in all its parts, and is for an adequate consideration, and is capable of being performed, but not otherwise.

2. SAME—*of the certainty required in contract—as, in matter of description.* A contract must be reasonably certain as to its subject matter, its stipulations, its purposes, its parties, and the circumstances under which it was made, to be specifically enforced in equity. If land is the subject matter, it should be so described as to leave no uncertainty as to its quantity, shape and location, without a resort to parol evidence.

3. A land owner being desirous of leasing manufacturing buildings held by him, and obtaining the location of a factory in the vicinity, whereby to add value to other lands owned by him, proposed, in writing, to a real estate broker, as follows: "Will allow you as commission for said location, one-third interest in five acres, located near said works:" *Held,* that the description of the five acres was too vague and uncertain to justify a decree for specific performance, and this being patent, could not be explained by parol testimony.

4. SAME—*of the character of performance required—a contract construed.* An owner of a tract of land being desirous of enhancing the value of his other lands in the vicinity, being about twenty-seven acres laid out in blocks, etc., made this agreement with a real estate broker: "Mr. W. R. H.: Dear Sir—I hereby agree to lease my building at Pacific Junction, known as * * * at $100 per month for first year, or the privilege hereafter of buying, if they choose, at $10,000; or if building should not be suitable, will donate two hundred feet square along the railroad for company to build on. Will allow you, as commission for said location, one-third interest in five acres, located near said works.—I. R. H." The agent effected a temporary lease of the buildings for two years, and claimed the one-third interest in the five acres: *Held,* that a permanent location was the one intended, and that not having been effected, or any sale made, it would be unfair to specifically enforce the contract.

APPEAL from the Superior Court of Cook county; the Hon. HENRY M. SHEPARD, Judge, presiding.

| 121 | 469 |
| 137 | 500 |
| 121 | 469 |
| 140 | 602 |
| 142 | 329 |
| 121 | 469 |
| 151 | 169 |
| 151 | 194 |
| 155 | 381 |
| 121 | 469 |
| 54a | 513 |
| 121 | 469 |
| 68a | 67 |
| 121 | 469 |
| 175 | 339 |
| 121 | 469 |
| 179 | 249 |
| 121 | 469 |
| 201 | [1]185 |
| 103a | [1]213 |
| 121 | 469 |
| 203 | [2]388 |
| 204 | [2]100 |

Mr. JOHN S. MILLER, and Mr. B. F. CHASE, for the appellant:

The maxim, *id certum est quod certum reddi potest,* applies to the description of the subject matter of the contract, in a suit for a specific performance.

The complainant had the right to select the five acres in which he was to have an interest, and did so, and this obviated any uncertainty in the description. *Jenkins* v. *Green,* 27 Beav. 437.

Of everything uncertain which is given or granted, election to make it certain remains to him to whose benefit the grant or gift is made, except in special cases. Perkins on Conveyancing, secs. 73, 75; Stalman on Election, 16; Moore, 882, in Pl. 1226; Shep. Touch. 251, 447; *Stukeley* v. *Butler,* Hob. 168; *Hungerford's case,* 1 Leon. 30; 3 Comyn's Digest, 612; 1 Rol. 725; L. 35, 45; Coke's Litt. 142a.

But if appellee had the right of election, on his failure to exercise it, and his repudiation of the contract, it then devolved on appellant. Stalman on Election, 19; Fry on Specific Performance, sec. 322; *Lord Kensington* v. *Phillips,* 5 Dow. 61; *Pritchard* v. *Ovey,* 1 Jac. & Walk. 396.

The question before the court, in a case of specific performance, in such a case, is not whether the contract has been made certain, but is it such a contract as can be made certain. And if it is, then the court will permit it to be done, or will refer it to the master, or direct the proper inquiries to enable it to be done. Fry on Specific Performance, sec. 323, *et seq.; Jenkins* v. *Green,* 27 Beav. 438; *Owen* v. *Thomas,* 3 M. & K. 353; *Ogilvie* v. *Foljambe,* 3 Mer. 61; *Walker* v. *Railway Co.* 6 Hare, 594.

The plaintiff is entitled, at the hearing, to a reference of title, to inquire into and ascertain the defendant's title. This practice is thoroughly well settled, and it is proper practice to ask and direct such reference at the hearing. Fry on Specific Performance, secs. 1284, 1300, 1323; *Ogilvie* v. *Foljambe,* 3 Mer. 61.

Mr. JAMES FRAKE, for the appellee:

The bill was properly dismissed, for two reasons: First, the land it seeks to compel a conveyance of, is not sufficiently described to make it certain; second, if it was certain, to compel a specific performance would be to the appellee an act of injustice.

If the description of the land is vague and indefinite, or not certain, equity will not decree a specific performance. *Capps* v. *Hott*, 5 Jones' Eq. 153; *McKibbin* v. *Brown*, 1 McC. 13; *Lord Walpole* v. *Lord Oxford*, 3 Ves. 420; *King* v. *Ruckman*, 20 N. J. Eq. 316; *Jordan* v. *Fay*, 40 Me. 130; *Bladgen* v. *Bradbear*, 12 Ves. 446; *Towney* v. *Crowther*, 1 Bro. 318; *Bagdell* v. *Drummond*, 11 East, 142; *Parkhurst* v. *Van Cortland*, 1 Johns. Ch. 273; *Hammer* v. *McEldowney*, 46 Pa. St. 334; *Carr* v. *Land Co.* 22 N. J. Eq. 85; *Bowman* v. *Cunningham*, 78 Ill. 48; Story's Eq. Jur. sec. 741; Fry on Specific Performance, sec. 211.

What has the appellant done to entitle him to one-third of five acres in Bisbee's subdivision? Land in this subdivision is worth $1500 per acre. One-third of five acres would be worth $2500. A lease for two years has been executed by the Maxwell Patent White Lead Works, at a rental of $1000 for the first year, and $1200 for the second year, and that is all.

The contract must be fair, equitable and just, and it must appear that it will not be unjust or oppressive on the defendant to have it enforced. 3 Pomeroy's Eq. Jur. 447, note 1; *Race* v. *Weston*, 86 Ill. 95; *Bowman* v. *Cunningham*, 78 id. 48; *Tamm* v. *Lavalle*, 92 id. 270; *Fish* v. *Leser*, 69 id. 395; *Stone* v. *Pratt*, 25 id. 25; *Frisby* v. *Ballance*, 4 Scam. 487; *Gosse* v. *Jones*, 73 Ill. 508; *Franz* v. *Orton*, 75 id. 104.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is a bill filed in the Superior Court of Cook county January 22, 1886, by the appellant against the appellee for the specific performance of the following instrument:

"CHICAGO, ILL., *Nov. 17, 1885.*
"*Mr. W. R. Hamilton:*

"DEAR SIR—I hereby agree to lease my bldg. at Pacific Junction, known as the Foster Rotary Plow Factory Co., at $100 per month for first year, or the privilege hereafter of buying, if they choose, at $10,000 ; or if building should not be suitable, will donate 200 ft. square ft. along the R. R. for company to build on. Will allow you, as commission for said location, ⅓ interest in 5 acres located near said works.

I. R. HARVEY."

Answer was filed to the bill and replication to the answer. The cause was heard upon the pleadings and upon proofs taken by the complainant. The defendant introduced no testimony. The court below dismissed the bill for want of equity.

The circumstances surrounding the execution of this instrument were briefly as follows :

Appellee owned some land at Pacific Junction in Cook county and also held the equitable title to the lots, upon which stood a building known as the Foster Rotary Plow Company Factory. Appellee and other property owners were desirous of having a factory located in the vicinity, which would employ a large number of men and thus give value to their property. Appellant, a real estate agent in Chicago, undertook to accomplish what was desired. Through his efforts a lease dated December 18, 1885, was made by W. C. Grant, trustee, to L. C. Maxwell, C. R. Johnson and C. H. Jackson, representing the Maxwell Patent White Lead Works, leasing the premises occupied by said building from January 1, 1886, to December 31, 1887, at $1000 for the first year and $1200 for the second year.

We think that the bill was properly dismissed. The instrument here recited is too uncertain and indefinite to justify a court of equity in decreeing its specific performance.

An application for the specific performance of a contract is addressed to the sound legal discretion of the court. Courts of equity will decree a specific performance where the contract is in writing, and is certain, and is fair in all its parts, and is for an adequate consideration, and is capable of being performed, but not otherwise. .(*Bowman* v. *Cunningham*, 78 Ill. 48.) It must be reasonably certain as to its subject matter, its stipulations, its purposes, its parties, and the circumstances under which it was made. (3 Pomeroy's Eq. Jur. sec. 1405.) It is essential that the description of the subject matter should be so definite that it may be known with certainty what the purchaser imagined himself to be contracting for, and that the court may be able to ascertain what it is. Fry on Specific Performance, (3d ed.) sec. 327.

The description of the land to be conveyed is indefinite and uncertain. The words are, "Will allow you, as commission, * * * ⅓ interest in 5 acres located near said works." The five acres are not described. It is not stated that they are owned by Harvey, the vendor. Their direction from the "works," whether north, south, east or west, is not indicated.

In *Capps* v. *Holt*, 5 Jones' Eq. 153, the description was "a tract of land lying on the north side of the Watery Branch in the county of ...... and State of ...... containing one hundred and fifty acres." The court said : "The position thus given is not definite enough, and no decree for conveyance could be based upon it. * * * The writing, of itself, clearly is too vague and uncertain in the description of the land bargained for to warrant us in declaring where it is, by what termini included, and decreeing a conveyance of it."

In *Jordan* v. *Fay*, 40 Maine, 130, the description in the memorandum was : "A lot of land joining a small tract now occupied by Michael Micue." The court held : "There is in the writing no reference, by which the land can be determined with any greater certainty than by the memorandum. The location, size and shape of the lot are entirely wanting in the

description, and, without a resort to parol evidence, it would be impossible to ascertain what land was intended to be the subject of the agreement; and it forms no ground for a specific performance."

In *Hammer* v. *McEldowney*, 46 Pa. St. 334, the description was "the houses on Smithfield street" in the city of Pittsburgh. After speaking of the alleged contract as being "without any designation of the houses where situate on the street mentioned, of what size, dimensions or material, or the area of ground to be embraced, and without in fact disclosing to whom they belonged," etc., the court say: "It is a settled rule in equity that the specific performance of a contract will not be decreed unless its terms are clear and capable of ascertainment from the instrument itself. * * * So, courts of equity will not ordinarily entertain bills for the specific execution of contracts with variations or additions or new terms to be made and introduced into them by parol. * * * It requires no argument or illustration to bring this imperfect or indefinite contract within these rules."

In *Carr* v. *Passaic Land Improvement and Building Co.* 19 N. J. Eq. 424, and 22 id. 85, the resolution of the company was "that two acres be sold." It was held to be, upon its face, vague and uncertain. The court there say: "The vagueness and uncertainty is patent, and no parol proof can be admitted to explain it."

In *King* v. *Ruckman*, 20 N. J. Eq. 316, Ruckman by a written contract agreed to sell King certain tracts of land in Bergen and Rockland counties, New York, "describing them as all the lands he owned and held contracts for in the township of Harrington," etc. "*and also two lots of land situate in Hackensack township, in the county of Bergen.*" The court say: "As to the parts in Harrington township and the county of Rockland, the description is sufficiently certain. It is all the land owned by Ruckman, or for which he held contracts within certain boundaries. The maxim is, *id certum est quod certum*

*reddi potest.* It can be shown with certainty what lands he owned or held contracts for in these boundaries. But the last clause seems uncertain. * * * It does not describe them as two lots owned by him, for then, if he owned only two lots there, it might be rendered certain. This contract would be complied with by his conveying two lots of ten feet square, or two lots containing a thousand acres. Nor can this part be rejected as immaterial, and performance be ordered of the residue upon compensation." Although this case was overruled in 21 N. J. Eq. 599, yet it was solely on the ground that the uncertainty was remedied by the allegations in the bill and answer; the terms, in which the opinion of the court upon the point stated in the foregoing extract was announced, affirm the doctrine of 20 N. J. Eq. 316, as will be seen by reference to *Nichols* v. *Williams*, 22 N. J. Eq. 63. ·

In *Murdock* v. *Anderson*, 4 Jones' Eq. 77, a decree for conveyance was refused, where the receipt described "one house and lot in the town of Hillsborough purchased of me," etc. It is there aptly said: "Where a sufficient description is given, parol evidence must be resorted to, in order to fit the description to the thing; but where an insufficient description is given, or where there is no description, (as in our case) such evidence is inadmissible." See, also, *Allen* v. *Chambers*, 4 Ired. Eq. 125.

In *Miller* v. *Campbell*, 52 Ind. 125, the contract described certain land as "the one hundred and twenty acres of land in Shannon county, Missouri," etc. It was claimed that this description was void for uncertainty, and could not be enforced. The court say: "This position, in our opinion, is well taken and the objection is fatal to the complaint. It is a well settled principle, under the Statute of Frauds, that contracts for the sale of land must so far describe the land as that it may be identified without resort to parol evidence. * * * Doubtless the parties may have had in view a particular tract of land, containing one hundred and twenty

acres, and the plaintiff may have been able to show by extrinsic evidence what particular tract was intended; but this would be to subvert and overthrow the statute."

In *Lynes* v. *Hayden*, 119 Mass. 482, Somerby agreed "to deed to Lynes from twenty-six thousand to twenty-eight thousand feet of land situate on Walden street and Vassal lane in Cambridge when the bounds are fixed and the street laid out the street to be forty feet wide and two hundred feet long," etc. Chief Justice GRAY said: "The agreement signed by the intestate describes the boundaries of the land by the adjoining streets on the north-east and north-west only, and looks to the fixing of the bounds and the laying out of another street before the conveyance. The report finds that the bounds were not fixed nor the location of the proposed street determined in his lifetime. The agreement is too indefinite to be specifically enforced."

Appellant claims that he had the right under the contract to select the five acres in the first place, but that, if he was not first entitled to the right of selection, such right afterwards devolved upon him, because appellee refused to select five acres, and not only so, but repudiated the contract entirely. The contract does not in express terms confer upon appellant the right of selecting the five acres. (*Vide Carr* v. *The Passaic Land Improvement and Building Co. supra.*) We do not, however, deem it necessary to pass upon the question whether the right of selection devolved upon either party under the contract.

It is sufficient to say that, even if the appellant was entitled to make a selection of the five acres, his designation of the part selected by him is as uncertain and indefinite, under the facts of this case, as the description in the agreement. He says in his testimony: "I have done nothing but make the selection in my own mind. I have a present selection of the five acres. * * * It is all of block 9 and so much of block 10 as is necessary with block 9 to make five acres."

There is nothing in the record to show how many acres are contained in block 9 or in block 10, or how much of block 10, when added to block 9, will make five acres.

Nor is there anything to show that appellee owns block 9. The bill avers that appellee owns about twenty-seven acres in section 2, town 39, range 13, which were subdivided into certain blocks and lots, but block 9 is not mentioned among such blocks and lots. The abstract refers to a deed conveying to appellee the premises described in the bill, but we can find no such deed in the record.

There is another respect, in which either the contract is uncertain, or in which its enforcement might be unfair. It is not altogether clear whether the location of the works at Pacific Junction, for which the commission was to be allowed, was to be a permanent location, or a location during the lease. The Maxwell company did not buy the building for $10,000, nor have they built on two hundred feet square of ground donated to them by appellee. They did nothing but take a lease for two years. Appellant says the lease entitles him to his commission, while appellee claims in his answer, that the agreement contemplated a permanent location of the works and that they are not permanently located. The testimony of Maxwell shows that the manufacture of white lead at Pacific Junction is as yet an experiment, and that the question of a permanent location will not be decided until the lease ends. Appellee's construction would seem to be the correct one, as the object of the location was to give value to the land, which could not be effected by a mere temporary lease. If the commission was to be allowed for a permanent location, then inasmuch as appellant's own evidence proves that a permanent location there has not yet been accomplished, it would be unfair to enforce the contract. *Race* v. *Weston*, 86 Ill. 91; *Tamm* v. *Lavalle*, 92 id. 263.

The decree of the Superior Court is affirmed.

*Decree affirmed.*