## Martin Hecke v. Emil Meyer.

1. DECREES—*Must be Sustained by the Proofs in the Record.*—Where there is no evidence in the record to sustain the finding of the trial court on one of the material allegations of plaintiff's bill a decree in his favor must be reversed on appeal.

2. SPECIFIC PERFORMANCE—*Certainty of Description.*—A bill for the specific performance of a contract relating to real estate must describe the land with such certainty that it can be identified beyond the possibility of future controversy and a court of equity will decree a specific performance of such a contract only when it is so clear as to have no uncertainty as to quality, shape and location.

Bill, for specific performance. Error to the Circuit Court of Bureau County; the Hon. GEORGE W. STIPP, Judge, presiding. Heard in this court at the May term, 1896. Reversed and remanded with directions. Opinion filed December 9, 1896.

FRED T. BEERS, attorney for plaintiff in error.

No appearance for defendant in error.

PER CURIAM.

The defendant in error exhibited to the Circuit Court a bill in equity in which he set up that Martin Hecke, plaintiff in error, in November, 1893, agreed to invest $100 borrowed of defendant in error in a house and lot situated in the village of DePue, Bureau county, Illinois, and execute and deliver to him a mortgage on the same to secure the payment of that sum; that Hecke invested the $100 so bor-

rowed in a lot in the village mentioned, but refused to execute the mortgage to the defendant in error. The bill prayed for a decree compelling Hecke to execute a mortgage on the lot purchased to secure the loan, or to repay the money with interest, and that a lien on the premises be declared in favor of defendant in error to the extent of his loan.

Hecke was served but did not answer. A default was entered against him and a reference was made to the master to take proofs and report findings of law and fact. The master took the proofs, which consisted of the testimony of Emil Meyer and Edward Meyer only, and reported the facts to be as alleged in the bill and that Emil Meyer was entitled to the relief prayed for. The court approved the report, found that Hecke had promised to secure the repayment of the $100 by executing a mortgage on lot 87, in the original village of Trenton, (now DePue) to Meyer and decreed that he pay to the master for Meyer $105.40 by the 23d of March, 1895, or in case of failure therein to execute and deliver to him a note for that sum with five per cent interest payable March 23, 1896, with mortgage on lot 87, and that in case of failure to perform either the payment required or the delivery of the note and mortgage the premises should be sold, etc.

The decree must be reversed because the evidence in the record is not sufficient to sustain it. Under the proofs it is clear that Hecke borrowed $100 of Meyer and agreed to secure its repayment by a mortgage on premises he should purchase, but what premises, the proofs nowhere disclose. There is no evidence whatever on which to base a finding that the mortgage was to be placed on lot 87 or that Hecke purchased that lot. The court found that the $100 borrowed constituted part of the purchase money for lot 87. There was not a scintilla of proof in support of that finding.

We do not hesitate to say that the allegations in the bill are not sufficient to support the decree, although deficiency of the bill is not specifically made one of the assignments of error. The bill nowhere contains any description of

the premises against which a mortgage is asked. A bill for the specific performance of a contract relating to real estate must describe the land with such certainty that it can be identified beyond the possibility of future controversy. A court of equity will decree a specific performance of such a contract only when the contract is so clear as to have no uncertainty as to quantity, shape and location. 1 Story's Eq. Jur., Sec. 767; Fry on Specific Performance, Sec. 211; Hamilton v. Harvey, 121 Ill. 469.

The most that can be said of the allegations in the bill and the proofs in the record is that they show a right of action at law. The court, instead of granting the relief prayed for, should have dismissed the bill.

The decree is reversed and the cause is remanded with directions to the Circuit Court to dismiss the bill.