### D. H. REGAN V. R. MILBY ET AL.

Decided March 8, 1899.

**1. Deed—Mistake—Reformation—Parol Evidence.**

Parol evidence is admissible in suits to reform written instruments on the ground of mutual mistake, in order to establish the mistake and of what it consisted, and to show how the writing should be corrected in order to conform to the agreement which the parties actually made.

**2. Same—Statute of Frauds.**

A defective description of the land in a deed will satisfy the statute of frauds if sufficiently exact to render its identity certain upon the introduction of extrinsic evidence simply disclosing the condition of the parties at and immediately before the execution of the deed.

**3. Record of Defective Deed Constructive Notice.**

The record of a deed purporting to convey part of a named survey, but with defective description, is sufficient to charge notice that the grantee therein claims land in that survey formerly owned by the grantor.

APPEAL from Jackson. Tried below before Hon. T. S. REESE.

*A. B. & W. M. Peticolas,* for appellant.

*John O. Rowlett* and *J. M. Moore,* for appellees.

FLY, ASSOCIATE JUSTICE.—This is an action of trespass to try title instituted by appellant to recover from appellees 190 acres of land off the Andrews league in Jackson County. Milby disclaimed all interest in the land. Richard Callis pleaded not guilty, and alleged that he was the owner of 116 acres of the land sued for, having purchased the same from Mrs. Mattie White, formerly Miss Mattie Milby, who purchased the same from R. Milby on September 1, 1877, but that the deed contained an imperfect description; that on May 22, 1878, appellant obtained a judgment for $960 in the County Court of Jackson County against R. Milby, and bought the land for $87 at a sheriff's sale made by virtue of an execution issued under said judgment; that at the time of such execution sale R. Milby did not own any interest in the 116 acres of land, and that at the time of the execution sale appellant had actual knowledge of the fact that R. Milby had conveyed the land to Mattie Milby. There was a judgment in favor of appellant for seventy-four acres of land which was not claimed by appellees, and judgment in favor of Richard Callis for the 116 acres of land claimed by him.

This is a second appeal of this case. See 16 Texas Civil Appeals, 352.

The facts are, that R. Milby owned 316 acres of land in Jackson County out of the Andrews league, 200 acres of which was his homestead; that in 1877, as alleged, he and his wife conveyed the surplus 116 acres to his sister Mattie Milby, in part payment of a debt he owed her. The description of the land was as follows: "It being a part of the Andrews league, beginning at the S. W. corner; thence N. 45 E. — v.; thence N. 45 W. — v.; thence S. 45 W. — v.; thence E. 45 S. — v., to place of beginning. The parcel of land to contain 116 acres of land." The deed was recorded on September 14, 1877. It was proved that the defect in the description was made through a mistake of the draftsman, who intended the beginning call to be for the southwest corner of the 316 acres, and not for the southwest corner of the league as might appear from the above description. In 1878 a judgment was recovered by appellant against R. Milby for $960, interest and costs, and in the same year an execution was issued and levied upon the 116 acres of land as the property of R. Milby. That two or three months prior to the levy appellant was notified by R. Milby that he had sold the 116 acres of land to his sister, and that the deed was on record. At the sale under execution appellant was the purchaser. In January, 1893, another deed was made by R. Milby to Miss Mattie Milby which correctly described the land in dispute, there being a recital to the effect that it was made to correct the description made in the former deed. On February 3, 1893, the land in controversy was conveyed to Richard Callis by A. S. White and his wife, Mattie White. It was in proof that R. Milby owned no land in the southwest corner of the Andrews league, and owned no land out of said league except the 316 acres from which the land was taken that was conveyed to Mattie Milby.

It is clear that a bona fide sale of the 116 acres of land was made, but

in reducing the agreement to writing, through a mistake common to both parties, the written instrument failed to express the real agreement, and in such case equity will reform the writing so as to make it express the real agreement. "And," as said in our former opinion in this case, "the principle is well settled that in suits to reform written instruments on the ground of mutual mistake parol evidence is always admissible to establish the mistake, and in what it consisted, and to show how the writing should be corrected in order to conform to the agreement which the parties actually made."

Mattie Milby had an equitable right to the land that she could enforce as well against anyone who had purchased the land with notice of her equity, as again her vendor. It is contended by appellant that the judgment lien had attached to the property before notice of the equity was received by him, but the contention is without merit, for the deed to Mattie Milby was on record before the suit was filed or judgment obtained by appellant against R. Milby, and it was sufficient to put appellant upon notice that she was claiming a part of the land formerly owned by R. Milby. Blankenship v. Douglas, 26 Texas, 225; Webb, Record of Title, secs. 156, 178.

It is insisted by appellant that the lack of description was such as to render the deed void, under the statute of frauds. The rule applied in cases of memorandum in writing under the statute of frauds is: "The subject matter must be described with sufficient exactness to render its identity certain upon the introduction of extrinsic evidence simply disclosing the condition of the parties at and immediately before the making of the contract." "As in other contracts in writing, parol testimony can not add to their terms, yet it can show the circumstances. It can not make the contract for sale of land, but can apply a description of the property, if such application can be made so that it be known that the particular object is found. Parol evidence can not add to an imperfect contract a material part in order to sustain it, but it can apply a description in it to the subject." Watson v. Baker, 71 Texas, 739. The deed in this case answers the requirements of the rules above announced.

We conclude that there is no error in the judgment, and it is therefore affirmed.

*Affirmed.*

Writ of error refused.