## J. Shirley Hamilton v. W. Spencer Ryan.

1. SPECIFIC PERFORMANCE—*Relief Rests Within Discretion of Court.*
—Relief upon an application for a specific performance of a contract
rests within the sound legal discretion of a court of equity and will be
decreed only in case the contract is certain in all its parts, fair in its
provisions, based upon an adequate consideration, and is capable of being
performed by mutual enforcement.

**Bill for an Injunction.**—Appeal from the Circuit Court of Mercer
County; the Hon. FRANK D. RAMSAY, Judge presiding. Heard in this
court at the April term, 1902. Reversed and remanded with directions.
Opinion filed July 18, 1902.

McARTHUR & COOKE and BASSETT & BASSETT, attorneys
for appellant.

BROCK & SCOTT, attorneys for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the
court.

This is a bill to enjoin J. Shirley Hamilton from practic-
ing medicine in Viola or within eight miles thereof. The
bill was answered and on a hearing the court entered a
decree according to the prayer of the bill.

The bill was based on a written contract as follows:

"12–1–1899.

" The undersigned, J. S. Hamilton, M. D., on this date,
Dec. 1, 1899, agrees never again in the future, either sepa-
rately or as one of a firm, to practice general medicine in
or within eight miles of Viola, Mercer county, Illinois, with-
out the consent of Dr. W. S. Ryan, while said Ryan is
located in Viola or within eight miles of Viola, Mercer
county, as a practicing physician in general medicine, unless
forced to by some unforeseen circumstances, in which case
I agree to pay Dr. Ryan a reasonable sum for his business
interests.                           J. S. HAMILTON."

" Attest:   S. C. FUGATE."

This is an equitable proceeding for the specific perform-
ance of a contract in restraint of the practice of one of the
learned professions. Its determination is governed by the
same general principles and rules of law applicable to a bill

for the specific performance of a contract in restraint of trade.

The consideration must be actual and valuable, and generally, in equity, it must be adequate. A mere technical consideration is not sufficient, and if grossly inadequate will be disregarded, and equitable relief in such a case will be denied. The law presumes such contracts void until the requisite consideration and the reasonableness of the limitations are shown. The rule of strict construction applies. The right must be clear and the relief decreed just and equitable.

Relief upon an application for a specific performance of a contract rests within the sound legal discretion of a court of equity and will be decreed only in case the contract is certain in all its parts, fair in its provisions, based upon an adequate consideration, and is capable of being performed by mutual enforcement. Bowman v. Cunningham, 78 Ill. 48; Hamilton v. Harvey, 121 Ill. 469.

The contract between the parties to this litigation is not under seal and recites no consideration whatever. The master in chancery to whom the case was referred to take proofs and report his conclusions was unable to find from the evidence that the consideration was sufficiently adequate to entitle the complainant to equitable relief. His report is able and exhaustive and from the whole record we find no reason for disturbing the conclusions he reached upon this issue.

But, assuming an adequate consideration, the contract is uncertain and incapable of mutual enforcement unless it affords the complainant an adequate remedy at law for the ascertainment of " a reasonable sum for his business interests," in which latter case a court of equity would be deprived of jurisdiction. It provides that the defendant may return to Viola and practice medicine if forced to by unforeseen circumstances. It does not specify what is meant by such a circumstance, nor by being forced to return. Nor does it provide who is to determine what are unforeseen circumstances, or what shall constitute the force which would

justify the defendant in resuming the practice of medicine at Viola.

If, however, it be contended that the provisions of the contract referred to are not uncertain, but are capable of enforcement, reference should be had to the circumstances under which the contract was executed.

It appears from the evidence that the defendant and one Dr. Stewart had been copartners in the general practice of medicine in Viola and vicinity for a number of years. Dr. Stewart owned all the tangible property of the firm and on September 21, 1899, sold out to the complainant, who is also a practicing physician, executing a contract similar to the one signed by the defendant, the consideration being $780. Dr. Stewart and the defendant went to Chicago to perfect themselves as specialists in the treatment of diseases of the eye, ear and throat. After completing their special studies they located at Peoria, where their venture as specialists proved a failure. It was necessary for them to resume their general practice somewhere in order to make a living. A number of the defendant's former patients solicited him to return to Viola and resume the general practice of medicine and he did so. Not a dollar was paid the defendant by the complainant as a consideration for the contract which is the basis of this suit. The whole consideration with which the complainant parted for the two contracts from the defendant and Dr. Stewart, $780, was paid to the latter.

The expression in the contract between the complainant and defendant, "unless forced by some unforeseen circumstances" could not have referred to physical force, nor could it have meant circumstances unforeseen by the complainant. If the expression had any meaning capable of legal ascertainment, it must have been that the defendant reserved the right to return to Viola and resume the general practice of medicine if circumstances which he had not foreseen impelled him to do so.

If the portion of the contract now under consideration is to be treated as certain and definite, then the parties

thereby fixed a measure of damages in case the defendant returned. The contract specifies that in such event the defendant shall pay the complainant a reasonable sum for his business interest. If the parties can not agree what that amount should be it can be fixed by a jury in an action at law by the complainant against the defendant if the complainant considers his business impaired by the return of the defendant and he desires to sell it to the latter.

We regard one of two conclusions inevitable. The contract is so uncertain and lacking in mutuality as to deprive the complainant of equitable relief, or he should be remitted to a remedy at law. In either event the decree of the Circuit Court is erroneous and must be reversed.

The appellee made a motion to tax the costs of a nine-page additional abstract. The motion was taken with the case. We regard the additional abstract as unnecessary, and the motion is therefore denied.

The decree of the Circuit Court is reversed and the cause remanded to that court with directions to enter a decree dismissing the complainant's bill for want of equity.