## MASON et al., Respondents, v. SMALL et al., Appellants.

**St. Louis Court of Appeals, March 31, 1908.**

1. **STATUTE OF FRAUDS: Parol Evidence to Supply Defect in Written Contract.** A contract for the exchange of land for other property which described the land as "two-hundred acres of land more or less, known as the L. M. Stewart farm," without stating in what county or State the farm is situated, was insufficient to constitute a contract under the Statute of Frauds and parol evidence was not admissible to supply the defect.

2. ————: ————: **Real Estate Broker: Commission.** A real estate broker who procured such a contract for the owner of the land, which contract the purchaser repudiated, was not entitled to a commission because he did not procure a purchaser willing and able to buy.

Appeal from Greene Circuit Court.—*Hon. Jas. T. Neville,* Judge.

REVERSED.

*G. A. Watson* and *J. C. West* for appellants.

The contract is invalid in that it does not sufficiently describe the land sold. Watts v. Thompson, 22 Mo. App. 564; Beckmann v. Mepham, 97 Mo. App. 161; Weil v. Willard, 55 Mo. App. 376; Fox v. Courtney, 147 Mo. 147; Ringer v. Holtzclaw, 112 Mo. 519; Warren v. Mayer Mfg. Co., 161 Mo. 113; Boyd v. Paul, 125 Mo. 9; Kelly v. Thuey, 143 Mo. 422; Johnson v. Fecht, 185 Mo. 344.

*Val* and *J. H. Mason* for respondents.

It is a well-settled principle that oral evidence may be offered to prove the identity of the subject-matter of a written contract. Lawson on Contracts, page 399; Means v. De La Vergne, 50 Mo. 343; Shewalter v. Pirner, 55 Mo. 218; Bates v. Bank of Missouri, 15 Mo. 305.

BLAND, P. J.—Plaintiffs, Mason and Thomas, are partners doing business as real estate brokers or agents in the city of Springfield, Missouri. The petition states that on June 1, 1906, plaintiffs were employed by defendants to find them a buyer for cash or trade for a stock of general merchandise, which it is alleged defendants owned and which was contained in a storehouse in the town of Sparta, in Christian county, Missouri; that on June 3, 1906, plaintiffs found Jake and George Hine and L. P. Edwards, and by and with the consent of defendants negotiated a trade with them for said goods, for which services defendants agreed to pay plaintiffs the sum of fifty dollars. The suit was brought before a justice of the peace to recover the agreed price of fifty dollars. In due course the cause was appealed to the circuit court of Greene county, where on a trial anew to the court sitting as a jury plaintiffs recovered judgment from which defendants appealed.

Plaintiff's evidence tends to show that defendants Baker and Small owned a stock of goods at the town of Sparta, and that sometime in the month of May, 1906, they appeared at plaintiffs' office in Springfield and stated that they wanted to trade their goods for land, and agreed if plaintiff would get them a party who would trade with them they would pay plaintiffs fifty dollars. In a short time thereafter George Hine was introduced to defendant Small by plaintiffs as a person who wanted to trade land for defendants' goods. Small, in company with Hine, examined the farm Hine proposed to trade for the goods, and Hine and plaintiff Thomas went to Sparta and examined the goods, and the following agreement was there executed by Baker and Hine:

"This agreement made this fifth day of June, 1906, between J. W. Baker, of the first part and George T. Hine, of the second part, Witnesseth: That the said party of the first part agrees to sell to the party of the

second part one stock of goods and fixtures located in what is known as the Barnes building in Sparta, Missouri. Said goods to be invoiced at the original wholesale cost price, less $100 off of the total invoice, and the balance of said invoice to be discounted twenty per cent.

"That the said party of the second part agrees to sell to the said party of the first part two hundred acres of land, more or less, known as the L. M. Steward farm for $6,000. The said farm shown to T. H. Small by George T. Hine on May 29, 1906. Said second party agrees to furnish abstract to said land showing perfect title in the same. This farm is to be sold subject to a $2,000 mortgage held by Adams and Mosier of Bolivar, Missouri, interest on the same at the rate of six per cent per annum.

"If there is any difference in the net invoice price of the goods and the equity of the farm, the parties hereto agree to pay said difference in cash.

"Said stock of merchandise above referred to is the same as examined by Hine and Edwards on June 3, 1906. Also said first party guarantees that said stock of merchandise is free from any encumbrance of whatever kind."

Hine testified that Small represented to him that the goods would invoice $6,000, and the trade was made on that basis, and it was agreed and understood that if everything was not as represented the trade would be off. Afterwards defendant Baker told Hine the stock of goods would invoice from $7,500 to $8,000, whereupon Hine refused to proceed with the invoice and declared the deal off. On this evidence defendants moved for a peremptory instruction that plaintiffs could not recover. The refusal of this instruction is the only error assigned by defendants. The contention is that the written contract of June 5, 1906, entered into between Baker and Hine is unenforcible, and

for this reason plaintiffs cannot recover. Plaintiffs concede that if the contract does not meet the requirements of the Statute of Frauds affecting the sale of real estate, plaintiffs cannot recover. There is no description of the land, not even the county or State where the farm is situated is named. Under the Statute of Frauds, if the subject-matter of the contract is so deficient as not to identify the land, parol evidence is not admissible to supply the defect; to admit such evidence would be in the teeth of the statute and in direct opposition to what it prohibits. [Ringer v. Holtzclaw, 112 Mo. l. c. 523, 20 S. W. 800, and cases cited.] The approved rule is that the writing required by the statute, "must contain the essential terms of the contract, expressed with such a degree of certainty that it may be understood without recourse to parol evidence to show the intention of the parties," and that, "it must, of course, appear from the memorandum what is the subject-matter of the defendant's engagement. Land, for instance, which is purported to be bargained for, must be so described that it may be identified." [Johnson v. Fecht, 185 Mo. l. c. 343-4, 83 S. W. 1077, quoting from Fox v. Courtney, 111 Mo. l. c. 150, 20 S. W. 20.]

The cases referred to and relied on by plaintiffs (Means v. LaVergne, 50 Mo. 343, and Shewalter v. Pirner, 55 Mo. 218) are unlike the case at bar, in this, that in both of these cases there was such a description as to identify the land leased in the first case and conveyed by sheriff's deed in the second one, while in the case at bar there is no description by which the land can be identified. Hence the contract is unenforcible and plaintiffs failed to perform their agreement, that is, to produce a person willing and able to exchange land for the goods, and defendants' peremptory instruction should have been given.

The judgment is reversed. *Nortoni, J.,* concurs. *Goode, J.,* dissents.