# Parker *v.* Edwards.

*Action by Surviving Partner, for Goods Sold and Delivered.*

1. *Proof of lost receipt, or certificate of deposit, under plea of set-off.* When a certificate of deposit, or a receipt in the nature thereof, is offered in evidence under the plea of set-off, proof of its execution is not necessary, unless put in issue by replication verified by affidavit (Code, § 2771); but, if the plea avers the loss of the receipt, and is not verified by affidavit (*Ib.* § 2597), the defendant is required to prove its loss and its contents.

2. *Testimony of party, as to transaction with deceased person.*—In an action by a surviving partner, on an account for goods sold and delivered by the partnership, the defendant can not testify to the execution or contents of a receipt given to him by the deceased partner in the partnership name (Code, § 2765); but, the execution and contents being proved otherwise, he may testify to the loss of the receipt.

APPEAL from the Circuit Court of Dale.
Tried before H. L. MARTIN, Esq., as special judge.

H. H. BLACKMAN, for the appellant, cited *Key v. Jones*, 52 Ala. 238; *Ala. Gold Life Ins. Co. v. Sledge*, 62 Ala. 566; *Kumpe v. Coons*, 63 Ala. 448; *Dismukes v. Tolson & Barrett*, 67 Ala. 386.

W. D. ROBERTS, *contra.*

CLOPTON, J.—Against the demand, to recover which the appellant, as surviving partner of H. Z. Parker & Son, brings the action, the defendant offered by plea to set off an indebtedness for money deposited, evidenced by a receipt signed by the firm, a copy of which is set out in the plea. The

[Cantelou v. Whitley.]

evidence *prima facie* shows that the deposit was made with S. D. Parker, a member of the partnership, who was deceased at the time of the trial. The defendant was permitted, against the objection of the plaintiff, to testify to the execution, loss, and contents of the receipt, objection being made separately to each part of the testimony. It may be, that the receipt should be regarded in the nature of a certificate of deposit, and being offered in evidence under a plea of set-off, proof of its execution was not necessary, as the execution was not put in issue by replication verified by affidavit. Code, 1886, § 2771. But, as the receipt was lost at the time the plea was filed, and it was not accompanied by the statutory affidavit, which is made presumptive evidence of the contents and loss, the defendant was required to make proof thereof.—Code, 1886, § 2597.

The exception in the statute making parties competent witnesses, which prohibits either party to testify against the other as to any transaction with, or statement by a deceased person, whose estate is interested in the result of the suit, embraces a transaction with, or statement by a deceased partner, in a suit by or against the surviving partner. *Hussey v. Peebles*, 53 Ala. 432; *Jackson v. Clopton*, 66 Ala. 29. The defendant was competent to prove the loss of the receipt; but to prove its execution and contents, is to testify to a transaction with, and statement by a deceased partner, and so connected with him that the presumption is, if living, he could deny, qualify, or explain the receipt. The defendant was, under the statute, incompetent to prove the execution or contents of the receipt.

Reversed and remanded.