OF THE

# STATE OF MISSOURI,

AT THE

OCTOBER TERM, 1892.

---

*(Continued from Volume 111.)*

---

SAUNDERS, *Appellant*, v. BLYTHE *et al.*

Division One, October 31, 1892.

1. **Deed, Delivery of.** A deed takes effect from delivery. The real time of delivery may be shown to be different from the nominal date of the instrument.

2. **Dower:** MARRIED WOMAN: RELEASE: ACKNOWLEDGMENT. Where a woman singly signed and acknowledged a release of dower during the life of her husband, but delivered it, after his death, to the grantee, it was *held* effectual between the parties, though the acknowledgment is void.

3. **Executed Contract:** SEAL: CONSIDERATION. A seal imports a sufficient consideration to support an executed contract in an action at law.

4. **Dower:** WIDOW: RELEASE. A widow may release to one in possession of land her right to dower therein, without prior assignment thereof.

Saunders v. Blythe.

*Appeal from Platte Circuit Court.*—HON. J. M. SANDUSKY, Judge.

AFFIRMED.

*J. W. Coburn* for appellant.

(1) Husband and wife must convey by joint deed. Revised Statutes, 1889, sec. 2396; *Rannells v. Isgrigg*, 99 Mo. 30; *Coe v. Ritter*, 86 Mo. 285; *Rannells v. Gerner*, 80 Mo. 474. (2) The delivery of the deed by plaintiff's son was in obedience to the request of plaintiff's husband, and not on any agreement or instructions on her part. (3) The delivery of the deed by plaintiff's son dated from the time it was put in his hands in escrow, which was during the life of plaintiff's husband. *Carter v. Mills*, 30 Mo. 432. (4) The alleged agreement of plaintiff to make and deliver her deed was void, if made, as she was then a married woman. (5) Her deed, being void, could not be validated by delivery after her husband's death. 1 Devlin on Deeds, sec. 17. This void deed could not have been confirmed by a new deed given for that purpose. 1 Devlin on Deeds, sec. 18. (6) If plaintiff's deed had been merely invalid, not void, she could have ratified and confirmed it after she became discovert; a parol adoption of it would not have been sufficient; it would be within the statute of frauds. *Price v. Hart*, 29 Mo. 171. (7) If the delivery of the deed had been valid otherwise, still it was void for want of consideration. *Bank v. Robidoux*, 57 Mo. 446. (8) Plaintiff is not estopped by any act of hers from claiming dower. *Lee v. Campbell*, 1 S. W. Rep. (Ky.) 873.

Saunders v. Blythe.

*Porter & Woodson* for respondents.

(1) If plaintiff's deed was not delivered until after her husband's death, it is not invalid because executed during coverture. A deed takes effect only from delivery. 1 Devlin on Deeds, secs. 98, 264. (2) If delivered when sold it is. not material that the plaintiff's deed was acknowledged during the life of her husband; as between the parties no acknowledgment is necessary. *Harrington v. Fortune*, 58 Mo. 468; *Chandler v. Bailey*, 89 Mo. 645. (3) Defendants having paid full value for the land, and, with plaintiff's knowledge, made lasting and valuable improvements on the faith of her deed, she is estopped to deny its effect. *Sweeney v. Mallony*, 62 Mo. 485; *Hart v. Giles*, 67 Mo. 180; 2 Herman on Estoppel & Res Judicata, secs. 725, 792, 961, 976, 1039, 1069; 2 Pomeroy on Equity Jurisprudence, secs. 807, 818. And she will not be permitted to impeach its validity on the ground that the deed was delivered without her authority; it being shown that it was in her control several months after her husband's death, and before delivery. *Scott v. Scott*, 95 Mo. 300; *Priest v. Chouteau*, 85 Mo. 409; *Neuhoff v. O'Reilly*, 93 Mo. 164; *Turner v. Hoyle*, 95 Mo. 346. (4) Nor can the deed be avoided on the ground that there was no consideration. The deed imports a consideration. In case of recovery plaintiff would be compelled to respond in damages in a suit on the covenants contained in her husband's deed, out of her share of the personal estate. The evidence shows that she received $370 out of the proceeds of the land in addition to her statutory allowances. 1 Washburn on Real Property [4 Ed.] p. 255, par. 20. The surrender and cancellation of a note of the husband is a sufficient consideration for another given by his widow, in lieu thereof, even though the husband was insolvent

at the time of his death.  *York v. Presson*, 63 Me. 587;
*Myers v. Van Wagner*, 56 Mo. 115; *Mills v. Van Tress*,
50 Cal. 547; *Hixon v. Hetherington*, 57 Ala. 165; *Bramans v. Capelle*, 31 Mo. 428; *Foot v. Clark*, 102 Mo.
394.

BARCLAY, J.—Plaintiff's action is for the assignment of dower in lands formerly owned by her husband, W. D. Saunders.

The pleadings need not be recited.  The controlling facts are mutually admitted, except one in regard to which the difference will be indicated later.

The trial court found for defendants, and plaintiff appealed in due course.

The land in which plaintiff seeks to assert a right of dower was conveyed by her husband alone, by general warranty deed, to defendants, July 16, 1885, for the consideration of $2,500, of which $1,600 was paid in cash, and the balance was to be paid by the grantees in discharging a mortgage on the property in favor of Mr. Kellogg.  Defendants at once went into possession of the land and made improvements thereon.

In March, 1886, shortly before the death of her husband, plaintiff signed a deed of release and quitclaim to these defendants of her right, title and interest in the land.  This release was formally acknowledged by plaintiff, but her husband was not a party to it.  It was not delivered to the defendants during his life, but remained under plaintiff's control, in custody of her son.  After the death of Mr. Saunders, this son delivered to defendants the release upon their payment of the mortgage debt to Mr. Kellogg as originally agreed between them and Mr. Saunders.  The important disputed fact in the case is whether this delivery by plaintiff's son was authorized by her  On that point the

testimony is conflicting; but the trial judge found that it was so authorized, and should be regarded as her own act. The court announced that conclusion in an opinion which reviews the testimony with care, and has furnished us valuable aid in reaching a decision on the merits of the whole case.

The result of this appeal turns on the effect to be given to the plaintiff's release, signed during her coverture, but delivered on her behalf to the defendants after she became a widow. The defendants, be it noted, were in possession of the land, and in position to receive a release without a prior assignment of her dower.

The release recited only the nominal consideration of $1; but it was under seal, and became an executed contract upon delivery and acceptance. As such, no other consideration was necessary to support it, so far as concerns the legal rights of the parties thereto; and no equities are involved or have been invoked in this case.

The acknowledgment by plaintiff alone, during the lifetime of her husband, must be discarded as of no validity in the circumstances; but, as between the immediate parties (whose rights alone are now in question), no acknowledgment was necessary to make the release operative. It took effect from its delivery, and the fact that it was signed while plaintiff was under a disability does not vitiate it.

In *Zouch v. Parsons* (1765), 3 Burr. 1805, Lord MANSFIELD approvingly quoted from Perkins thus: "If a married woman deliver a bond unto me, or other writing, as her deed, this delivery is merely void; and, therefore, if, after the death of her husband, she, being single, deliver the same again unto me as her deed, the second delivery is good and effectual."

And he repeated the quotation later in *Goodright v. Straphan* (1774), 1 Cowper, 201.

The defendants' position in the case at bar does not rest upon the theory of plaintiff's confirmation, during widowhood, of a void act done during coverture. The deed of release was not delivered until she was a widow; and, though it was dated on a day within the lifetime of her husband, the true time of delivery was properly open to investigation, and was shown to have been much later, when she was fully capable of acting for herself with binding force.

The judgment of the trial court was in accordance with these views.. It is affirmed. Chief Justice SHERWOOD, BLACK and BRACE, JJ., concur.