BROWN *et al.*, *Appellants*, v. FOSTER *et al.*

Division One, November 28, 1892.

1. **Equity** : CANCELLATION OF DECEDENT'S DEED: BURDEN OF PROOF. Where the heirs of a decedent sue to set aside for fraud and undue influence a deed which he made shortly before his death the burden of proof is upon them to establish their charges by a preponderance of the evidence.

2. ———: ———: EVIDENCE: WITNESS. In such a case decedent's widow (in whose favor his deed was made) is a competent witness as to conversations between herself and persons who had testified for the adverse party touching such conversations.

3. **Supreme Court Practice:** EVIDENCE: EXCEPTIONS. Where no exception is saved to the admission of testimony error cannot be founded on that ruling on appeal.

*Appeal from Polk Circuit Court.*—HON. W. I. WALLACE, Judge.

AFFIRMED.

*Upton & Skinker* for appellants.

Slight circumstances may establish fraud. *Hopkins v. Sievert*, 58 Mo. 201. In this case fraud and undue influence were clearly established. *Chandler v. Fleeman*, 50 Mo. 239; *Massey v. Young*, 73 Mo. 260. Mrs. Lydia W. Brown was incompetent as a witness for any purpose. *Kellogg v. Malin*, 62 Mo. 429; *Angell v. Hester*, 64 Mo. 142; *Ring v. Jamison*, 66 Mo. 424; *Carter v. Prior*, 78 Mo. 222; *Wood v. Mathers*, 73 Mo. 477; *Chapman v. Dougherty*, 87 Mo. 617.

*T. G. Rechow* for respondents.

(1) There is no evidence to support the charges in appellants' bill. (2) The court did not err in admitting the testimony of Mrs. Brown, confined as it was to the contradiction of the witnesses who testified as to conversations with her. (3) There was no fraud or undue influence exerted by the wife. Mr. Brown not only understood to whom he was conveying his property, but made and directed the reservations. *Meyers v. Hauger*, 98 Mo. 433; *Thompson v. Ish*, 99 Mo. 160; *Jackson v. Hardin*, 83 Mo. 175; *Benoist v. Murrin*, 58 Mo. 322; *Brinkman v. Ruggesieck*, 71 Mo. 576; *McClintock v. Curd*, 32 Mo. 411. This court will defer measurably to the chancellor who has the witnesses before him and can note their demeanor upon the stand, as well as the interest they manifest in the result. *Sayer v. Devore*, 99 Mo. 437; *Hard v. Foster*, 98 Mo. 297; *Cox v. Cox*, 91 Mo. 71; *Mathias v. O'Neill*, 94 Mo. 520; *Taylor v. Cayce*, 97 Mo. 242.

BARCLAY, J.—This is a suit by the heirs at law of Mr. Nathan F. Brown to set aside a transfer of certain real property by him, made a few weeks before his death. The transfer was to his wife by means of a

deed to Mr. Foster, who in turn conveyed to Mrs. Brown. These deeds were delivered simultaneously, and may be treated, for the purposes of this case, as one transaction.

Mr. Foster and Mrs. Brown are the defendants.

The substance of plaintiffs' charge is that the transfer was procured by the fraud and undue influence of Mrs, Brown; that Mr. Brown, at that time, was extremely aged, and so enfeebled by disease as to be incapable of making a deed or transacting business.

These charges were denied, and, upon a hearing, the court found for defendants.

Plaintiffs then appealed after taking formal steps for that purpose.

Only two points are now urged.

I. The plaintiffs contend that the finding was against the weight of evidence. We have examined the entire testimony. In it there is abundant foundation for the finding, as well as some evidence to the contrary, supporting plaintiffs' theory.

The burden of proof was and is upon the plaintiffs to establish by a preponderance of evidence the facts on which they rely. But we think that their testimony has not discharged them of that burden. A review of its details is unnecessary, and would be of no practical utility as a precedent.

II. Plaintiffs' other supposed ground for reversal is that the trial court erred in permitting Mrs. Brown to testify. When she was called first, the court, upon plaintiffs' objection, excluded her. Afterwards, when plaintiffs had closed their testimony in rebuttal, defendants recalled her. Upon objection then, the learned judge declared that she might testify "as to these conversations she is said to have had with these parties" (referring to some alleged admissions or statements against her interest, to certain of plaintiffs' witnesses

who had testified thereto). She then denied some of those statements; but, on being asked a further question, touching the circumstances of the principal transaction in issue (quoting from the record) "plaintiffs objected to the witness testifying as to anything she may have said about Mr. Brown, or having the land deeded; which objection the court sustained."

There are two sufficient answers to plaintiffs' assignment of error on this branch of the case. The *first*, that plaintiffs took no exception to the ruling admitting Mrs. Brown as a witness; the *second*, that the learned trial judge was entirely right on the merits of that ruling, as Mrs. Brown was a competent witness in regard to conversations between herself and the parties who had testified for plaintiffs. *Wade v. Hardy* (1882), 75 Mo. 400.

The judgment is affirmed. SHERWOOD, C. J., BLACK and BRACE, JJ., concur.