[Scarborough *et al.* Admrs. v. Blackman.]

# Scarborough *et al.* Admrs. v. Blackman.

## *Action of Assumpsit.*

1. *Testimony of a party to suit as to transactions with a deceased person.* In a suit against the administrators of a decedent it is competent for the plaintiff to show by her own testimony that she never received, or was paid, the money for which the action is brought, but the contents of letters written by decedent to plaintiff, and destroyed by her, is clearly within the rule, and can not be shown by plaintiff's testimony.

2. *Admissibility of probate decree as evidence.*—A decree of the probate court on the final settlement of an estate is admissible in evidence in a suit against the administrator of a party thereto, to show the amount of plaintiff's distributive share in the estate.

3. *Objections to illegal testimony, not waived by cross examination.*— The objection to illegal testimony is not waived, by reason of the cross-examination of the witness as to facts, to which he had been permitted, erroneously, to testify, against objection.

4. *Charge of court on the testimony.*—When there are writings and records, which are competent evidence, introduced in addition to the testimony of witnesses on the stand, it is error to charge the jury to consider only the testimony of the witnesses in arriving at their verdict.

5. *Action for money had and received will not lie to recover a loan.*— When the only evidence tending to show a cause of action in plaintiff, indicates a mere loan, an action for money had and received will not lie, and on this count of the complaint the defendant would be entitled to the affirmative charge.

6. *General issue.*—The general issue does not put in issue a fact, the burden of proving which is on the defendant.

Appeal from Cleburne Circuit Court.

Tried before Hon. Leroy F. Box.

The evidence and the rulings of the court thereon sufficiently appear in the opinion.

The court at the request of plaintiff gave the following written charges.

(1) "If the jury find from the evidence that plaintiff was a distributee of F. Ross, deceased, and, as such, was entitled to and obtained a decree for $582.14, for her

share, and also the same amount as assignee or trans-
feree of Jessie Warlick's interest, and if the jury further
find from the evidence that N. J. Ross got the benefit of
these two amounts in paying the purchase money of the
lands, assuming and agreeing to pay to plaintiff the said
sums, then the jury will find for the plaintiff for the
amount sued for." (2) "The burden is not on the
plaintiff to prove that, at the time of the probate settle-
ment, she did not owe N. J. Ross anything." (3)
"The jury will only consider the testimony of the wit-
nesses in reaching their verdict, and, unless the testi-
mony shows that plaintiff owed N. J. Ross, then they
will not consider the statement or theories of counsel as
testimony in reaching their verdict." The defendants
separately excepted to the giving of each of these charges,
and also separately excepted to the court's refusal to give
each of the following charges requested by them : (1)
"The court charges the jury that, if they believe the evi-
dence, they will find a verdict for the defendants." (2)
"The court charges the jury that they can not find a ver-
dict for the plaintiff on the first count in the complaint,
under the evidence in this case." (3) "The court
charges the jury that they can not find a verdict for the
plaintiff on the second count in the complaint, under the
evidence in this case." (4) "The court charges the
jury that if they believe, from the evidence, that N. J.
Ross, the decedent, had obtained the share of plaintiff in
said lands before the final settlement, and had paid her
for it, or was to pay her for it, or it was to be accounted
for on settlement between them, then plaintiff can not
recover anything in this suit on account of her share in
said estate, or on account of the use of it by the decedent
on said final settlement." There was a verdict for the
plaintiff, and defendants appealed.

G. C. ELLIS, and AIKEN & BURTON, for appellants.

CALDWELL, JOHNSTON & ACKER, for appellee.

COLEMAN, J.—The appellee, Sarah A. Blackman,
sued the defendants as administrators of the estate of
N. J. Ross. The complaint contained two counts, the
first counting on an account, and the second for money

had and received. In order to support her demand, the plaintiff offered in evidence, the final decree of the probate court, in the settlement of the estate of Frederick Ross by John Ross, the executor. This decree ascertained and decreed the distributive share of the plaintiff to be $582.14, and the same amount to be due Jessie S. Warlick, which had been assigned to the plaintiff, and was decreed to plaintiff as assignee. Receipts in satisfaction of these respective decrees were filed and recorded in the probate court. N. J. Ross, defendants' intestate, who was also a distributee entitled to the same amount, had purchased the lands of the estate of Fred. Ross, and was due the executor for the purchase money. Plaintiff's contention was, that in order to effect a final settlement, she gave N. J. Ross, her brother, the purchaser of the land, the benefit of the two decrees in her favor amounting to $1,164.28, the amount sued for, and which she contends he agreed to pay her with interest.

To the complaint the defendants pleaded only the general issue. There was no plea of payment or set-off. The general issue does not put in issue, a fact the burden of proving which is upon the defendant. It only puts in issue the facts to be proven by the plaintiff in order to support his action as laid in the complaint.

The court did not err in allowing the introduction of the final decree of the probate court, nor was there error, in permitting the plaintiff to prove, that no money was actually paid to her in person or by attorney in satisfaction of the decree rendered in her favor.—*Gamble v. Whitehead*, 94 Ala. 335. It was competent for her to show by legal evidence, that the defendants' intestate received the benefit of these decrees under the agreement or understanding that he would pay her the amounts, with interest. The court was clearly in error, in allowing the plaintiff to testify to the contents of letters, alleged to have been received by her from the deceased, in which, she testified he admitted his indebtedness to her and agreed to pay her. It was proper for her to prove by her own testimony the reception of letters and their destruction. This was necessary and preliminary to the proof of their contents. The contents, however, were clearly within the exception which prohibits any party from testifying against another as to any transaction with or statement by any deceased person, whose estate

[Scarborough *et al.* Admr. v. Blackman.]

is interested in the result of the suit, &c.—Code 1886, § 2675; *Edwards v. Parker*, 85 Ala. 246. The objection to the introduction of this evidence was not waived, by reason of the cross-examination of the witness as to facts, to which she had been permitted, erroneously, to testify against the objection of the defendants. The rule which prohibits a party from reserving an exception to illegal evidence brought out by himself, has no application where the illegal evidence is introduced by the opposite party against his objection, and after its admission, his cross-examination is confined to the illegal evidence.— *Barker v. Railway Co.*, 126 Mo. 143.

There was no error in giving the first and second charges requested by the plaintiff when referred to the pleadings.

We are of opinion the court erred in giving the third instruction. This charge confines the jury to the *testimony of the witnesses*. There was record evidence, and letters of the plaintiff before the jury, which were competent, and which the jury ought to have considered. The charge was calculated to impress the jury with the conclusion that only the testimony of witnesses who were examined should be considered.

We are of opinion the third charge requested by the defendant, should have been given. There was no evidence to sustain the count for money had and received by the intestate for the use of or on account of the plaintiff. Under her theory, the transaction was a mere loan under an agreement or promise to pay back with interest. Proof of a loan of money will not support an action for money had and received against the borrower.

There was evidence tending to show that the intestate furnished the money to plaintiff to purchase the Warlick interest in the estate for him, and that his money was used in the purchase, and that the assignment was made to plaintiff, to be used by the intestate, in the manner and for the purpose for which it was used. If the jury should find this to be the correct phase of the case, the plaintiff would not be entitled to recover this amount, unless by some subsequent transaction the intestate became bound for it.

For the errors pointed out, the case must be reversed and remanded.

Reversed and remanded.