MARY HAMRA, Administratrix of the estate of R. S. HAMRA, deceased, Appellant, v. JOHN ORTEN, Respondent.

Springfield Court of Appeals, June 18, 1921.

1. **WITNESSES: Statute Making Testimony as to Transaction with a Deceased Incompetent, Does not Render Incompetent Testimony Competent at Common-law.** Revised Statutes 1919, section 5410, making testimony as to a transaction with a diseased incompetent, is an enabling and not a disabling statute, and does not render incompetent testimony that would have been competent at common law.

2. ————: **Contents of Alleged Lost Instrument to be Established Before Proof of Loss Thereof by Party to Transaction with Deceased.** In view of Revised Statutes 1919, section 5410, making testimony as to a transaction with a deceased incompetent, in an action between one party to a transaction and the administrator of the other party, the contents of an alleged lost instrument must be first established by other witnesses before the party to the suit is competent to establish the loss, notwithstanding usual procedure of establishing loss of an instrument before proving contents thereof.

3. **APPEAL AND ERROR: Improper Order of Proof not Available on Appeal, Where Invited by Appellant's Objection.** In an action by an administratrix on an account, which it was claimed the defendant owed plaintiff's intestate, the admission of defendant's testimonny as to the loss of receipts received from intestate, before he had testified as to the contents thereof, was not ground for reversal, where plaintiff had invited court's ruling permitting testimony as to loss of receipts before testimony as to contents by her objection that parol testimony as to contents was innadmissible as not the best evidence.

Hamra v. Orten.

4. **TRIAL: A Party who Introduces a Letter Waives Question of Incompetency.** A party by introducing a letter waives the question of its inncompetency.

5. **EVIDENCE: Defendant Can Prove That His Statement Against Interest was Made by Mistake.** In action on an account, defended on the ground of payment, in which the plaintiff introduced in evidence defendant's letter stating that he had a receipt for $25, the defendant could prove that his daughter had written letter for him, and had by mistake written $25, instead of $225, as dictated by him.

6. **APPEAL AND ERROR: Objection to Evidence Must be Raised at Trial.** Objection, made for first time in motion for new trial, that parol evidence was inadmissible, in that it tended to explain or contradict an unambiguous writing, is sufficient to raise objection on appeal.

Appeal from Pemiscot Circuit Court.—*Hon. Sterling H. McCarty*, Judge.

AFFIRMED.

*Corbett & Stiles* for appellant.

"The instrument cannot be varied or contradicted under the guise of explanation or construction." 22 Corpus Juris, sec. 1570, page 1177; Stonebraker v. Ford, 81 Mo. 532; Chrisman v. Hodges, 75 Mo. 413; Watkins Medical Co. v. Holoway, 181 S. W. 602.

*C. G. Sheppard* for respondent.

(1) We admit defendant would not be competent as a witness to testify to any part of the transaction between he and Hamra, but as to matters that transpired after Hamra's death defendant is a competent witness. Weirer Mueller v. Scullin, 203 Mo. 466, 101 S. W. 1088; Kirton v. Bulls, 168 Mo. 622, 68 S. W. 927; Bates et al. v. Forcht et al., 89 Mo. 121. (2) Defendant was a competent witness as to matters transpiring since the death of R. S. Hamra; but should it be admitted that

he was not a competent witness to the extent the court permitted him to testify, yet the objections of plaintiff were too broad and the court ruled correctly in overruling said objections. Elsea et al. v. Smith et al., 273 Mo. 396, 202 S. W. 1073; Burnes v. Polar Wave Ice & Fuel Co., 187 S. W. 145. (3) Statements made by a party either oral or written are always open to explanation, therefore the court did not err in permitting defendant to testify that the statements contained in the letter written by his little girl were incorrect and not the statements he told her to make. Stauper v. Hammond Packing Company, 180 S. W. 1074; Huff v. St. Joseph Railway, Light, Heat & Power Company, 213 Mo. 495; Downs v. Racine Battery Company, 175 Mo. App. 386.

BRADLEY, J.—As the administratrix of the estate of R. S. Hamra, deceased, plaintiff commenced this cause in a justice of the peace court to recover on an account for merchandise alleged to be due plaintiff's intestate. The cause was appealed to the circuit. court where upon trial before the court and a jury verdict and judgment went for defendant. Plaintiff failing to get a new trial appealed.

The statement filed in the justice court is in the usual form in a suit on account, and filed therewith was an itemized statement of the account showing charges and credits, leaving an alleged balance due of $225.92. No written answer was filed but the defense was payment.

Error is assigned in the admission of evidence and in the giving of an instruction. Because of the nature of the evidence the admission of which is challenged it will be necessary to set out the facts somewhat in detail. Deceased operated a store in Caruthersville at which defendant traded. and the account had run for several years. Plaintiff's intestate died February 2, 1920. Plaintiff introduced in evidence the account show-

ing charges and credits, and balance due. The last credit appears under date of November 21, 1919, and is for $25 as shown on the books. Plaintiff also introduced in evidence a letter written by defendant to plaintiff under date of April 12, 1920, and a receipt given defendant for the payment of $25 on November 21st. This letter is as follows:

"Caruthersville, Mo.,
April 12, 1920.

Mrs. R. S. Hamra,
Dear Madam:

In reply to yours of the 10th instant., I must say you are very much mistaken about me owing you $255.83, for I did owe $25, but I paid it to your husband about 2 months before his death, and have a receipt for it; if you have orders that I have sent you, why I'll be willing to pay it, for I always sent orders when my family bought goods. There is no use putting it in court unless you want more expense for I have all my receipts. I settled with R. S., but didn't know how he fixed the books; you must be looking at some old accounts, for I have traded with R. S. for years.

Yours,
JOHN ORTEN."

The receipt is as follows, the signature not appearing in the record here:

"The Boston Store.
R. S. Hamra, Prop.
November 21, 1919.

Received of John Orten on account $25."

Alfred Martin testifying as a witness for defendant stated that between November 20th and 30th, 1919, he saw defendant pay plaintiff's intestate some over $200; and that the day before this payment was made defendant paid $25 and got a receipt. While Martin was on the stand defendant sought to show by him the contents of the receipt for the "200 and some odd dol-

lar'' payment. Plaintiff interposed the objection that the receipt itself would be the best evidence, and was sustained. Defendant then was called to account for the receipt, and the following occurred:

"Q. I will ask you if you have looked for the receipt that you got from Mr. Hamra for this payment of two hundred and twenty-five dollars and something? MR. CORBETT: I object to any testimony from this witness about the receipt, or anything that occurred between him and Mr. Hamra, for the reason that he is one of the parties to the transaction in dispute, and Mr. Hamra is dead. By THE COURT: I will let him show the receipt is lost. MR. CORBERT: Exception. A. Yes, sir; I got it misplaced somewheres; couldn't find it. Made a search about my place for it. No, sir; I can't read or write. Yes, I got a statement from Mrs. Hamra in regard to this claim after R. S. Hamra's death. Yes, I had my girl to write a letter to her for me. Q. You may state what you told her to write in that letter? MR. CORBETT: I object to that; that wouldn't be binding on the plaintiff in this case, whatever his agent did, would bind him and not the plaintiff. By THE COURT: I believe I will sustain that objection. Q. This letter says, 'In reply to yours of the 10th inst., I must say you are very much mistaken about me owing you $255.83, for I did owe you $25, but I paid it.' Now, you may state whether or not you told your girl to say you did owe $25, or what you did tell her? MR. CORBETT: I object, same reason, wouldn't be binding on plaintiff what he told the girl outside of the presence of—(interrupted) MR. SHEP-ARD: I know, but they are holding this as his agent, and he has a right to explain and its for the jury to say— (interrupted) By THE COURT: Read the question again, let me hear it. (Question read over by the stenographer) MR. CORBETT: I object, that would be a selfserving declaration, and would not be binding on the plaintiff, because she wasn't present. By THE COURT: The letter speaks for itself, and of course Orten made his daughter

his agent to write for him, but I will let him make what explanation he desires of that. MR. CORBETT: Note exception. Q. State to the jury, so they will understand, what you told your girl to write. A. I told her to write that I owed them $225, in place of $25, and she never read the letter to me—I can't read or write anyhow, but I thought I had all my receipts with me and commenced looking for them, and couldn't find the others, but this one. Q. Had you paid him the $225? A. Yes, sir. MR. CORBETT: I object to that, because Hamra is dead. BY THE COURT: Sustained."

By section 5410, Revised Statutes 1919, it is provided, among other provisions, that where one of the original parties to the contract or cause of action is dead and the other party to such contract or cause of action shall not be admitted to testify in his own favor or in favor of any party claiming under him, and where an executor or administrator is a party, the other party shall not be admitted to testify in his own favor unless the contract in issue was originally made with a person who is living and competent to testify, except as to such acts, and contracts as have been done or made since the probate of the will or the appointment of the administrator. This statute has been under consideration a great many times. It is generally agreed that the statute is an enabling one. Its purpose in the main was to remove the disability under the rule at common law that a party to an action was not a competent witness, and one, although not a party, if interested in the result of the action was likewise incompetent under the common-law rule. [40 Cyc. 2244; 28 R. C. L., p. 492.] In Jenkins v. Emmons, 117 Mo. App. 1, 94 S. W. 812, plaintiff was seeking to recover on a claim against the estate of one Enoch. The foundation of the claim was a promissory note which was lost. Plaintiff was offered as a witness to prove the note was lost. Objection was made that plaintiff was not a competent witness since Enoch the maker was dead. The court held that plaintiff was a competent witness to establish the loss of the note. Quite

a number of cases are cited and reviewed in the Jenkins case, and it is there pointed out that under the common-law rule an exception existed whereby a party to a suit was competent to establish the loss of a material written instrument. If at common law defendant in the instant case would have been competent to establish the loss of the receipt, he would be competent under the statute for the same purpose, because the statute is an enabling statute and not a disabling one. It would seem, however, that our rule is that the contents of the alleged lost instrument must first be established by other witnesses before the party to the suit would be competent to establish the loss. This is contrary to the usual procedure, but the reason is apparent. If the party to the suit was first permitted to prove the loss of a written instrument before its existence or contents has been proved by other witnesses it would be most difficult to avoid infringement upon the statute. In order to prove the loss by a party to the suit the existence of the instrument would necessarily have to be shown in order to prove its loss. If the loss is not satisfactorily shown, the previous evidence of contents would fall, because the evidence of the contents would only be competent upon the assumption that the instrument was lost. In the case at bar the defendant was proceeding properly to establish the contents of the alleged lost receipt, but was met with plaintiff's objection that the receipt would be the best evidence, and under the ruling of the court on that objection defendant was compelled to proceed out of order but of this plaintiff cannot complain, because she invited the court's ruling by her objection. Defendant's evidence should, however, have been confined to the loss of the receipt, when testifying concerning that subject. It appears that she went too far afield. "Q. Had you paid him the $225? A. Yes, sir." Objection was made and sustained to this last-mentioned evidence, but the answer was given before the objection was made, and plaintiff did not move to strike the answer.

The next question is the competency of the evidence as to what he directed his daughter to write in the letter of April 12th to plaintiff. The evidence offered by plaintiff is to the effect that on November 21, 1919, he paid $25 and got the receipt offered in evidence, and that the next day he paid the balance of his account and got the last receipt. Plaintiff's contention is that defendant made the $25 payment on November 21st, but that he did not make any payment on the next day or any other on the balance. To support the claimed competency of defendant's explanation of what he meant to say in the letter defendant cites Stamper v. Hammond Packing Co., — Mo. App. —, 180 S. W. 1074; Huff v. Railway et al., 213 Mo. 495, 111 S. W. 1145; and Downs v. Racine-Sattley Co. et al., 175 Mo. App. 382, 162 S. W. 331. The Stamper case was for personal injury. Plaintiff's evidence was somewhat at variance to a written statement he had made to a claim agent. It was urged that the statement was made against interest and should be accepted as conclusive. The court citing Downs v. Racine-Sattley Co. et al., supra, ruled that where a party through ignorance, oversight or mistake makes statements against his interest which are not true, the jury is not bound to give conclusive effect to such statements. In passing upon the question there presented the court said: "In our consideration of the demurrer to the evidence which defendant earnestly argues should have been given, we are asked to give conclusive effect to the written statement of plaintiff and to treat as an established fact the assertion therein that the slipping of the hook was caused by water which had accumulated in the cylinder, and not by the worn and defective condition of the hook, block and spring. To do this would require the rejection, not only of the testimony, which on its face carries no indication of improbability or unreasonableness, that the only cause of the slipping was the worn, defective and dangerous condition of the machine, but also the testimony tending to show that the statement did not recite the true cause, and was signed

under a misunderstanding of the real cause of the injury. In the recent case of Downs v. Racine-Sattley Co., 175 Mo. App. 1. c. 386, 162 S. W. 331, we came to the conclusion from a careful review of the pertinent cases in this State that where a party, through ignorance, oversight or mistake, makes statements against his interest which are not true, the jury are not bound to give conclusive effect to such statements. This rule, which is expressly approved by the Supreme Court in the later case of Steele v. Railway (Sup.), 175 S. W. 177, applies to written statements against interest made before the trial, as well as to the erroneous testimony of the party at the trial. The right to correct evidentiary mistakes innocently made continues until the close of the evidence, since its exercise clearly is in the interest of truth and justice. The testimony of plaintiff at the trial raised issues of fact with the recitals of the written statement, the solution of which fell within the province of the triers of fact.''

In the Downs case plaintiff had made statements while a witness which tended to establish a fact against his interest. Counsel for defendant in that case sought to invoke the rule ''that a plaintiff in a civil case is conclusively bound by every declaration and admission against his interest made while testifying before the court and a jury.'' The court after discussing the authorities held that the rule was not so strict: ''It may be conceded as claimed by defendant that plaintiff in his testimony stated facts which are inconsistent with his evidence that Lowrie's first visit to Kansas City was in July, but as we have shown, such statements did not conclusively bind plaintiff. The jury were entitled to infer that they were made mistakenly or in ignorance of the true facts, and to accept as true the contradictory evidence. The law does not demand infallibility of any witness or unduly punish a party for honest mistakes or inconsistencies in his testimony.''

In Huff v. Railway, supra, plaintiff while on the stand had made some statement against her interest.

At defendant's request the court instructed: "You are instructed that all statements made by the plaintiff while upon the stand testifying which are against her own interest, if any, must be accepted by you as absolutely true, while all statements made by her in her own favor while on the stand testifying, if any, should be given just such weight and credence as you deem fairly entitled to under all the other facts and circumstances in evidence."

Of this instruction the court said: "Clearly this instruction is erroneous for two reasons: first, because it singles out plaintiff and comments upon her testimony; and second, because it erroneously declares the law. Under this instruction if the plaintiff through ignorance or mistake made a statement against her interest, the jury was bound under their oaths to take it as absolutely true whether it was in point of fact true or not. We know of no means by which a party litigant can be made to understand things any better while testifying upon the witness stand than he does while acting off the witness stand; nor by which he can be prevented from making mistakes under oath the same as he does when he is not under oath. We have many times condemned that form of instruction, and it should never be given. [Ephland v. Railroad, 137 Mo. l. c. 198; Zander v. Railroad, 206 Mo. l. c. 460, 461, and cases cited.] If the plaintiff made statements against her interest while testifying (and we must presume she did so, else the instruction would not have been given) which were untrue and made through mistake, oversight or ignorance, and she should at the time have discovered her error and had attempted to correct it, the jury under that instruction would necessarily have been compelled to have disregarded her explanation and find that the statement was true, even though the mistake was ever so apparent, for the reason that the instruction told them that they must take such statements as absolutely true. Such a proposition is monstrous, and it has no foundation upon which to stand either in law or morals."

Plaintiff in the case here introduced the letter, and therefore waived the question of its competency. Defendant made no objection to the evidence of defendant's explanation except that such evidence was selfserving and that the direction to say $225 instead of $25 was not made in plaintiff's presence and was not binding on her. No objection was made that the explanation was an attempt to vary the plain language of an unambiguous paper as plaintiff urges in her brief, or that such evidence together with the letter was to the effect that defendant had paid the account. In her motion for new trial plaintiff challenges the competency of the evidence in explanation of the letter on the ground that it violated the rule that a written instrument plain and unambiguous on its face cannot be explained by parol evidence, and the further rule that a written instrument cannot be contradicted by parol evidence. We know of no authority to support the contention that a party may make his objections to evidence in the motion for new trial, and thereby save the point for review. We are not holding that had plaintiff made the objections that we have mentioned that might have been made that such objections should have been sustained. We are merely holding that in view of the record before us no error was made in admitting the evidence complained of.

There is no error in the instruction challenged. The judgment below should be affirmed, and it is so ordered.

*Cox, P. J.,* and *Farrington, J.,* concur.