C. R. BRICKEN, P. J.<br>WM. H. SAMFORD, J.<br>HENRY P. MERRITT, J.

### Response to Certified Question.

SOMERVILLE, J. The Court of Appeals being of the opinion that the act approved August 9, 1919 (Gen. Acts 1919, p. 194), which prohibits live stock from running at large "in all counties having a population of not less than thirty thousand nine hundred and not exceeding thirty thousand nine hundred seventy-five, according to the last or any subsequent federal census," and provides for enforcement and penalties, is in violation of subdivision 23 of section 104, and also of section 105 of the Constitution of Alabama, certifies the question to this court for determination, as provided by law.

The act cannot be a general act, since, as the court judicially knows, it applies to only one county in the state, viz. Lauderdale. Reynolds v. Collier, 204 Ala. 38, 85 South. 465. Being a local act, pure and simple, it is manifestly prohibited by subdivision 23 of section 104 of the Constitution, which forbids the creation of stock law districts by special or local laws, and must therefore be pronounced null and void.

Let this conclusion be duly certified to the Court of Appeals.

And the Justices concur.

=====

(93 South. 415)

### MOORE v. LAWRENCE. (2 Div. 782.)

(Supreme Court of Alabama. April 20, 1922. Rehearing Denied May 17, 1922.)

1. Lost instruments ⊙═23(1)—Plaintiff, suing on lost note, had burden of proving its execution.

In an action on a lost note, the plaintiff had the burden of proving the execution of the note.

2. Lost instruments ⊙═23(3)—Testimony that note was in name of defendant held sufficient to prove execution of lost note by defendant.

In action on lost note, testimony of a witness, who had had possession of a note, that the note was in the "name" of defendant, *held* sufficient to prove execution of the note by defendant, in the absence of evidence to the contrary.

Appeal from Circuit Court, Perry County; S. F. Hobbs, Judge.

Action on promissory note by W. S. Lawrence against R. L. Moore. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Clifton C. Johnston, of Marion, for appellant.

Code 1907, § 3967, does not apply, where the offer is to prove a copy. 81 Ala. 476, 2 South. 668; 174 Ala. 480, 56 South. 953; 85 Ala. 246, 4 South. 612; 88 Ala. 356, 6 South. 684. Testimony that R. L. Moore's name was signed to the note did not prove its execution. 14 Ency. Ev. 750; 110 Ala. 438, 18 South. 312; 22 C. J. 942.

A. W. Stewart, of Marion, and R. B. Evins, of Greensboro, for appellee.

Failure of defendant to deny execution by sworn plea admitted the execution of the note sued on. Code 1907, § 3967.

SAYRE, J. Action on a promissory note, payable to Lawrence Dry Goods Company and assigned to plaintiff, appellee. At the trial it appeared that the note in suit had been lost since the commencement of the action. In this state of the case the burden was on plaintiff to prove the execution of the note. Garrett v. Garrett's Adm'r, 64 Ala. 263; Parker v. Edwards, 85 Ala. 246, 4 South. 612. A witness, who had had possession of the note, and by whom its loss was proved, after describing the note, was asked, "Whose name was to it?" He answered, "R. L. Moore," and the matter of the execution of the note was left to rest upon this testimony. Appellant now takes the point—and it may be conceded for the argument that he took the point in the trial court—that there was no proof of the execution of the note. In this state of the record we hold that there was evidence of the execution of the note; that the evidence imports—nothing being shown to the contrary or by way of impeaching the competency of the witness—that the note was signed R. L. Moore, in the handwriting of R. L. Moore. It results, hence, that the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.